**WESLEY D. CONDA, INC., a Colorado corporation, Plaintiff–Appellant,**

**v.**

**COLORADO STATE BOARD OF LAND COMMISSIONERS, Defendant–Appellant,**

**and**

**Colorado Mined Land Reclamation Board and Board of County Commissioners of Boulder County, Defendants–Appellees,**

**and**

**People For Eldorado Mountain, a Colorado non-profit corporation, and City of Boulder, Colorado, Defendants–Intervenors–Appellees.**

**Nos. 88CA0373, 88CA0375.**

Colorado Court of Appeals, Div. III.

Sept. 7, 1989.

As Modified on Denial of Rehearing Oct. 5, 1989.

Welborn Dufford Brown & Tooley, Richard L. Fanyo and Sasha A. Karpov, Denver, for plaintiff-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Martha E. Rudolph, Asst. Atty. Gen., Denver, for defendant-appellant.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Clyde O. Martz, Sp. Asst. Atty. Gen., Denver, for defendant-appellee Colorado Mined Land Reclamation Bd.

H. Lawrence Hoyt, County Atty., and Madeline J. Mason, Asst. County Atty., Boulder, for defendant-appellee Bd. of County Com'rs of Boulder County.

Faegre & Benson, Michael S. McCarthy and Anne W. Kleinkopf, Denver, for defendant-intervenor-appellee People for Eldorado Mountain.

Joseph N. deRaismes, City Atty., and Edward R. Byrne, Asst. City Atty., Boulder, for defendant-intervenor-appellee City of Boulder.

Opinion by Judge STERNBERG.

The plaintiff, Wesley D. Conda, Inc., and the defendant, Colorado State Board of Land Commissioners (the commission), appeal the trial court's order in favor of the defendant Colorado Mined Land Reclamation Board (MLRB). We affirm.

Since 1977, Conda has leased approximately 460 acres of state school land from the commission in Boulder County. The area is zoned as forestry (F) under the Boulder County Zoning Resolution. Conda mined the area under a "limited impact" permit pursuant to § 34–32–110, C.R.S. (1984 Repl.Vol. 14) of the Colorado Mined Land Reclamation Act.

In 1985, Conda filed an application with the MLRB to convert its "limited impact" permit to a "regular" permit under § 34–32–112, C.R.S. (1984 Repl.Vol. 14). Boulder County's Land Use Director/Zoning Administrator advised the MLRB that Conda's conversion application would be in violation of Boulder County's Zoning Regulation and contrary to its Master Plan for extraction. Thereafter, the MLRB denied Conda's conversion application.

Conda filed a complaint for judicial review and declaratory judgment naming the MLRB, the Board of County Commissioners, and the commission as defendants. People for Eldorado Mountain and the City of Boulder intervened as defendants and filed answers and counterclaims. In 1986, the district court case was stayed while Conda applied for a special use permit from the County Board. The County Board denied the application, and Conda did not seek judicial review of that decision. Hence, the record of that administrative proceeding is not before us for review. The trial court affirmed the MLRB's denial of Conda's application for a regular permit. Both Conda and the commission appeal the trial court's decision.

On appeal, Conda and the commission contend that the MLRB's denial of a regular permit to Conda erroneously assumes that Boulder County has land use jurisdiction over state school lands. They argue that county zoning is not the type of "regulation" that can dictate a decision of the commission. They argue further that the regulations improperly impede them from securing the maximum amount of return from the property. We disagree with these contentions.

Colo. Const. art. IX, § 9, vests the commission with "direction, control, and disposition of the public lands of the state under such regulations as are or may be prescribed by law; and in such manner as will secure the maximum amount therefor...."

In a case decided in the last century, *In re Leasing of State Lands*, 18 Colo. 359, 32 P. 986 (1893), that we view as being deter-

minative, the supreme court interpreted the constitutional language "such regulations as may be prescribed by law" as meaning:

"such reasonable rules as may be prescribed from time to time by the legislative department of the government."

Thus, the General Assembly has authority to impose reasonable conditions on the commission. And, in § 34–32–115(4), C.R.S. (1984 Repl.Vol. 14), as then constituted, the General Assembly did just that:

"The Board shall grant a permit to an operator if the application complies with the requirements of this article and all applicable local, state, and federal laws.

*See C & M Sand & Gravel v. Board of County Commissioners,* 673 P.2d 1013 (Colo.App.1983).

Furthermore, under the statute then controlling, § 34–32–115(4)(e), C.R.S. (1984 Repl.Vol. 14), one of the reasons a permit shall be denied is if:

"[T]he mining operation would be in violation of any city, town, county, or city and county zoning or subdivision regulations or contrary to any master plan for extraction adopted pursuant to 34–1–304."

And, in § 34–32–109(6), C.R.S. (1984 Repl.Vol. 14) the General Assembly provided in pertinent part:

"[T]he board shall not grant a permit in violation of any city, town, county, or city and county zoning or subdivision regulations or contrary to any master plan for extraction adopted pursuant to 34–1–304 unless a prior declaration of intent to change or waive the prohibition is obtained by the applicant from the affected political subdivision. Nothing in this article shall be construed to preempt zoning and land use authority and regulation by political subdivisions pursuant to article 20 of Title 29, article 28 of Title 30, and article 23 of Title 31, C.R.S."

We note further that the lease itself requires Conda to comply with "all laws." This language would encompass reasonable zoning regulations.

We conclude therefore that the General Assembly intended the MLRB's regulation of mining activity to be subject to local government regulations. The regulation in question contains no blanket pro-

hibition of mining; rather, regulation of the manner of the use is involved. The issue of the proper application of the specific zoning regulations is not before us, as no review has been sought on that question. For these reasons, we hold that the land use regulations here involved are properly applicable, *see C & M Sand & Gravel v. Board of County Commissioners, supra,* and the MLRB was correct in denying the conversion application.

The judgment is affirmed.

CRISWELL and MARQUEZ, JJ., concur.